IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AMERICAN VEHICULAR SCIENCES LLC, | § § § | |
| Plaintiff, | § § | 6:12cv404 MHS-JDL (Lead) 6:12cv405 MHS-JDL |
| vs. | § § | 6:12cv406 MHS-JDL 6:12cv408 MHS-JDL |
| TOYOTA MOTOR CORPORATION, et al., | § § § | 6:12cv410 MHS-JDL |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On remand from the *mandamus* decision of the Court of Appeals for the Federal Circuit (Doc. No. 235), the Court reconsiders the sever-and-and-stay portion of Defendants' Motion to Change Venue and to Sever and Stay Claims Against Gulf States Toyota (Doc. No. 19). The matter was fully briefed (Doc. Nos. 79, 83 & 88). Additionally before the Court is Defendants Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., and Toyota Motor Manufacturing, Indiana, Inc. (collectively "Toyota"), as well as Gulf States Toyota, Inc.'s ("Gulf States") Motion to Stay Pending Decision on Motion to Sever, Stay, and Transfer (Doc. No. 237) ("Toyota's Motion to Stay"). Plaintiff American Vehicular Sciences LLC ("AVS" or "Plaintiff") has responded (Doc. No. 243) and Toyota replied (Doc. No. 245). Additionally, AVS filed a Motion for Reconsideration (Doc. No. 249) to which Toyota responded (Doc. No. 250). Having considered the Federal Circuit's Order, the parties' arguments, and for the reasons set forth below, the Court **DENIES** AVS' Motion for Reconsideration, **SEVERS and STAYS** all claims against Gulf States, and **TRANSFERS** all actions and claims against Toyota to the Eastern District of Michigan. Toyota's Motion to Stay is **DENIED AS MOOT**

## BACKGROUND

On June 25, 2012, AVS simultaneously filed seven separate lawsuits alleging infringement of 24 patents against Toyota and five simultaneous lawsuits against BMW Defendants.[1] AVS has since filed sixteen cases against Hyundai, Kia, Honda, Subaru, and Mercedes.[2] Each suit alleges infringement of various patents, all of which are a part of a common patent portfolio directed to "electronic sensors for automotive safety and telematics systems." COMP.

On October 4, 2012, Toyota and Gulf States filed a Motion to Change Venue and to Sever and Stay Claims against Gulf States (Doc. No. 19) asserting that the majority of the asserted patents are related to patents that have already been litigated in the Eastern District of Michigan ("EDMI"), the transferee forum. Some of the asserted patents claim priority to those litigated in the Eastern District of Michigan or claim priority to the same patent applications; others are parents to the prior litigated patents. *Id.* at 5. As a result, some of the claim terms at issue in these matters have already been construed by the court in Michigan. *Id*. Additionally, the Motion sought to sever all claims brought by AVS against Gulf States, a regional Toyota distributor.

The Court denied that Motion on June 12, 2013 (Doc. No. 131). Toyota then moved for reconsideration (Doc. No. 134), which was denied on November 22, 2013 (Doc. No. 179). The Court of Appeals for the Federal Circuit vacated that decision on April 3, 2014, holding that "putting Gulf States aside, Toyota has a clear right to transfer" and further directing this Court to

---

[1] The actions against BMW have since been dismissed. *See American Vehicular Sciences LLC v. BMW Group, a/k/a BMW AG,* et al., No. 6:12cv411.

[2] *See American Vehicular Sciences LLC v. Hyundai Motor Company,* et al., No. 6:12cv774; *American Vehicular Sciences LLC v. Kia Motors Corporation,* et al., No. 6:12cv147; *American Vehicular Sciences LLC v. American Honda Motor Co., Inc.,* et al., No. 6:13cv226; *American Vehicular Sciences LLC v. Subaru of America, Inc.*, No. 6:13cv229; *American Vehicular Sciences LLC v. Hyundai Motor Company,* et al., No. 6:13cv270; and *American Vehicular Sciences LLC v. Mercedes-Benz U.S. International, Inc.,* et al., No. 6:13cv307.

reconsider the motion to sever and stay Gulf States, transferring the remainder of the case if the claims are severed. Doc. No. 235 at 5-6.

On April 8, 2014, the Court *sua sponte* stayed this case for 30 days due to the Federal Circuit's order (Doc. No. 239) and continued the instituted stay until the conclusion of the mandamus proceedings on April 30, 2014 (Doc. No. 244). In the interim, Toyota filed a Motion to Stay Pending Decision on Motion to Sever, Stay, and Transfer (Doc. No. 237) and AVS filed a Motion for Reconsideration or, in the Alternative, Motion for Supplemental Briefing and to Re-open Discovery in Relation to Toyota's Opposed Motion to Sever, Stay, and Transfer (Doc. No. 249).

On June 6, 2014, the Court of Appeals for the Federal Circuit denied AVS' Petition for Rehearing En Banc (Doc. No. 247). The Court now considers AVS' Motion for Reconsideration and the Gulf States portion of Toyota's Motion to Sever, Stay, and Transfer.

## ANALYSIS

### I. Sever and Stay of the Claims Against Gulf States

Toyota argues, and the Court agrees, that the claims against Gulf States should be severed and stayed because the remaining claims are peripheral to the severed claims, adjudication of the severed claims would dispose of the claims against Gulf States, and the § 1404(a) factors, as instructed by the Federal Circuit, warrant transfer of the severed claims. Doc. No. 19 at 14; *See Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010) (citations omitted). The Court does not agree with AVS' assertion that Gulf States "acts as Toyota in Texas." Doc. No. 79 at 15. Gulf States is a distributor to various Toyota dealerships, dependent on "literature and other information provided by Toyota" in creating its own marketing materials related to the accused systems and structures. Doc. No. 19-2, Ex. 2, Declaration of Scott R. Cordes ("Cordes Decl.") ¶¶ 6-7. As discussed below, Gulf States is

charged with infringement solely on the grounds that it distributes Toyota vehicles with no role in the installation, manufacture, research, development or engineering of the accused structures and systems contained within the Toyota vehicles.

Rule 21 of the Federal Rules of Civil Procedure allows the court to sever any claim against any party. FED.R.CIV.P. 21. When deciding whether to sever, the district court has "broad discretion." *Shifferaw*, 2010 WL 1064380, at *1 (citing *Anderson v. Red River Waterway Comm'n,* 231 F.3d 211, 214 (5th Cir. 2000)). The party seeking severance under Rule 21 "bears the burden of proving that such action is necessary." *Aspen Tech., Inc. v. Kunt,* No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) (citations omitted). Severance may be permitted when three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims. *Shifferaw*, 2010 WL 1064380, at *1 (citations omitted).

Turning to the issue of whether the AVS' claims against Gulf States are peripheral to the claims against the Toyota Defendants, the Court concludes that they are. Gulf States is merely a distributor, and therefore secondarily involved in the present patent litigation claims by AVS. Cordes Decl. ¶ 3. Gulf States is a private, independently owned and operated entity that is the contracted exclusive distributor of Toyota branded vehicles in Arkansas, Louisiana, Mississippi, Oklahoma and Texas. *Id*. The vehicles Gulf States distributes are purchased from Toyota Motor Sales, USA, Inc. ("TMS"), the U.S. sales and marketing arm of Toyota in all U.S. states other than Hawaii. Cordes Decl. ¶ 3. As a distributor, Gulf States has no part in the manufacture, research, development, or engineering of vehicles, nor the installation of any items that alter the accused structures or systems. *Id.* ¶¶ 3, 5. AVS has proffered no evidence or attempted to argue that Gulf States has any role in the design or manufacture of the accused products. *See generally*

Doc. No. 79. "Where a single manufacturer is the only entity in the U.S. who makes and sells the only accused products to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer." *Shifferaw*, 2010 WL 1064380, at *3; *see also Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. Civ.A 3:04-CV-2391-L, 2005 WL 2415960, at *5 (N.D. Tex. Sept. 30, 2005).

Additionally, Gulf States is "fully indemnified" by TMS and has "no financial stake or interest of its own in any of these cases." Cordes Decl. ¶ 9. A claim against a retailer is much more likely to be considered "peripheral" when a manufacturer has "indemnified and is funding the defense" of the retailer." *Shifferaw*, 2010 WL 1064380, at *3. Thus the claims against Gulf States are clearly peripheral to the claims against the remaining Toyota Defendants.

Severance is also appropriate because adjudication of the remaining claims against Toyota would likely dispose of AVS' claims against Gulf States as a severed Defendant. *See Id.* As in *Shifferaw* and *Toshiba*, where the distributor would only be liable if the main defendants as manufacturers of the accused devices were found to have infringed the patents, in this case Gulf States could only be found liable if AVS' patent infringement claims against Toyota are resolved in AVS' favor. *Id;Toshiba*, 2005 WL 2415960, at *6.

The only remaining factor is whether AVS' claims against Toyota should be transferred pursuant to section 1404(a). As discussed in the next section, the Federal Circuit has directed that Toyota has a clear right to transfer. Thus, severance of AVS' claims against Gulf States is warranted.

Further, the Court determines that in the interest of justice, the claims against Gulf States should be severed and stayed pending disposition of the transferred claims against the Toyota Defendants in the Eastern District of Michigan. *See Corry v. CFM Majestic* 16 F.Supp.2d 660, 666 (E.D. Va. 1998); *Landis v. North American Co.,* 299 U.S. 248, 254-5, 57 S.Ct. 163, 81 L.Ed.

153 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket, with economy of time and effort for itself, for counsel, and for the litigants.").

## II.     Toyota's Transfer to the Eastern District of Michigan

In its opinion, the Court of Appeals for the Federal Circuit stated that "putting Gulf States aside, Toyota has a clear right to transfer…If the district court severs the claims against Gulf States, the remainder of the case must be transferred." Doc. No. 235 at 6.  As discussed *supra*, the Court has severed the claims against Gulf States and should therefore transfer the remainder of the case.  In its Motion for Reconsideration, AVS argues recent developments have undermined the Federal Circuit's decision.  Doc. No. 249.  Specifically, AVS argues that the grant of *inter partes* review ("IPR") of several patents and Toyota's announcement that its United States headquarters is moving to Plano, Texas justifies that this Court exercise "its inherent authority to reconsider its transfer order or, in the alternative, that this Court open supplemental briefing and re-open venue-related discovery." *Id.* at 15.  As Toyota notes in its Opposition, Toyota's IPR petition was filed well in advance of the Federal Circuit's ruling, and the Federal Circuit was aware of the IPR proceeding.  Doc. No. 250 at 3.  Additionally, AVS relied on Toyota's announcement of the headquarters move to Texas in its briefing to the Federal Circuit.  *Id.* at 4.  So the Federal Circuit was aware of both the IPR proceedings and Toyota Headquarters' move when it granted *mandamus* and denied AVS' request for rehearing en banc. Moreover, whether transfer is appropriate is determined at the time of filing.  *Jones v. Cooper*, Civil Action No. 09-0086, 2009 WL 4823837, at *3 (W.D. La. Dec. 14, 2009) (citing. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).  Therefore, AVS' argument does not undermine the Federal Circuit's Order for this Court to transfer all claims

against the Toyota Defendants to the Eastern District of Michigan now that it has determined the claims against Gulf States should be severed and stayed.

## CONCLUSION

For the reasons stated herein and pursuant to the Federal Circuit's decision (Doc. No. 235), AVS' Motion for Reconsideration is **DENIED** and the 6:12cv404, 6:12cv405, 6:12cv406, 6:12cv408 and 6:12cv410 actions as against Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing, Kentucky, Inc., and Toyota Motor Manufacturing, Indiana, Inc. are hereby **TRANSFERRED** as separate actions to the Eastern District of Michigan.  Toyota's Motion to Stay is **DENIED AS MOOT.**  Otherwise all pending motions are deferred to the transferee court.  Further, the Court **SEVERS** AVS' claims against Gulf States Toyota, Inc. and retains those claims in the aforementioned actions.  Finally, the Court **STAYS and ADMINISTRATIVELY CLOSES** these actions pending the resolution of AVS' claims against the Toyota Defendants in the Eastern District of Michigan.  The clerk of court shall effect the transfer in accordance with the usual procedure.

**So ORDERED and SIGNED this 10th day of July, 2014.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

7